UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARINA KRAVCHENKO,
individually and on behalf of a class,

                      Plaintiff,

vs.

NCO FINANCIAL SYSTEMS INC.

                      Defendant.
-----------------------------------------------------------------x

**AMENDED COMPLAINT**

1-11-cv-04251 (ENV) (VVP)

## COMPLAINT - CLASS ACTION
## INTRODUCTION

1.    Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant NCO Financial Systems Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").
The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692d, 1692e, 1692f, 1692g and 1692j.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3.    Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business here.

## PARTIES

4.    Plaintiff Marina Kravchenko is an individual who resides in Brooklyn, New York.

5.  Defendant NCO Financial Systems Inc. is a Pennsylvania business corporation. Its Registered Agent is the CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

## FACTS

6.  On or about July 31, 201, plaintiff was mailed the collection letter attached as Exhibit A. Plaintiff received the letter in the ordinary course of mail.

7.  Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

8.  Exhibit A is, on information and belief, a form letter.

## VIOLATIONS ALLEGED

9.  Exhibit A violates 15 U.S.C. §§1692d, 1692e, 1692e(4), 1692e(5), 1692e(10), 1692g, 1692g(b) and 1692j by sending consumers initial collection letters whose text, as drafted by Capital One Bank, falsely threatens legal action and falsely threatens garnishment without limitation to exempt bank accounts.

10. Exhibit A begins by informing the consumer that the account meets the guidelines for legal action.

11. Exhibit A further states: "CAPITAL ONE BANK (USA) N.A has not yet made a decision to file a lawsuit. We would like to work with you to resolve this account. If we cannot resolve this matter and your account charges off, CAPITAL ONE BANK (USA) N.A. may refer your account to an attorney in an effort to obtain a judgment against you. If an action is commenced and a judgment is sought, you will be given notice and the opportunity to raise a legal defense. Judgments are public records and may be subject to enforcement activity as provided for under law."

12. NCO Financial System, Inc.'s statement that "The above-referenced account meets the guidelines for legal action set by CAPITAL ONE BANK (USA) N.A., is materially false, deceptive and misleading in that the threat of "legal action" by NCO Financial Systems, Inc. and/or CAPITAL ONE, creates a false sense of urgency for the consumer to take action.

13. In Paragraph "2" of the July 31, 2011 Letter, NCO Financial Systems, Inc. makes the following statement: "CAPITAL ONE BANK (USA) N.A. has not yet made a decision to file a lawsuit."

14. NCO Financial System, Inc.'s statement that "CAPITAL ONE BANK (USA) N.A. has not yet made a decision to file a lawsuit, is materially false, deceptive and misleading in that neither NCO Financial Systems, Inc. nor Capital One is contemplating or considering filing a lawsuit, especially in view of an Arbitration Clause.

15. NCO Financial System, Inc.'s statement that "CAPITAL ONE BANK (USA) N.A. has not yet made a decision to file a lawsuit, is materially false, deceptive and misleading in that the threat of "legal action" by NCO Financial Systems, Inc. and/or Capital One creates a false sense of urgency for the consumer to take action.

16. In Paragraph "2" of the July 31, 2011 Letter, NCO Financial System, Inc. makes the following statement:

> "If an action is commenced and a judgment is sought, you will be given notice and the opportunity to raise a legal defense. Judgments are public records and may be subject to enforcement activity as provided for under law."

17. NCO Financial Systems, Inc.'s statements in Paragraph "2" of the July 31, 2011 Letter are materially false, deceptive and misleading in that the threats of lawsuits, post-judgment remedies and the negative consequences thereof, all create a false sense of urgency for the consumer to take action.

18.  NCO Financial System, Inc. fails to notify the consumer that Capital One Bank (USA) N.A. remedies are limited by property exemptions, which constitute materially false, deceptive and misleading representations in that it fails to identify the exemptions available to judgment debtors.

19.  All of the collective threats and references in the July 31, 2011 Letter of a lawsuit, legal action and/or post-judgment remedies and negative consequences thereof are false, deceptive and misleading in that it is designed to confuse consumers about their legal rights and defenses with respect to the alleged debt and creates a false urgency for the consumer to take action.

20.  All of the collective threats and references in the July 31, 2011 Letter to post-judgment remedies is false, deceptive and misleading in that neither NCO Financial Systems, Inc. nor Capital One have contemplated taking such action at the time the July 31, 2011 Letter was mailed.

21.  The July 31, 2011 Letter contains the disclosures required by 15 U.S.C. § 1692g(a).

22.  The collective threats and statements made by NCO Financial Systems, Inc. contradict and overshadow the consumer's 30-day validation and dispute rights with respect to the alleged debt.

23.  The statements made by NCO Financial Systems, Inc. which omit the date Capital One intends to charge off the alleged debt, contradict and overshadow the consumer's 30-day validation and dispute rights with respect to the alleged debt.

24.  NCO Financial System, Inc.'s act of sending the July 31, 2011 Letter is conduct the natural consequence of which is to harass, oppress and abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

25. NCO Financial System, Inc.'s act of sending the July 31, 2011 Letter to Plaintiff constitutes the use of false, deceptive and misleading representations and means in connection with the collection of a debt in violation of the FDCPA.

## CLASS ALLEGATIONS

26. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

27. The class consists of (a) all natural persons with addresses in New York City (b) who were sent a letter as <u>Exhibit A</u> (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

28. The class is so numerous that joinder is impracticable.

29. On information and belief, there are more than 50 natural persons with addresses in New York City who were sent a letter similar to <u>Exhibit A</u> on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

30. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

   a. Whether NCO Financial Systems Inc. falsely threatens legal action.
   b. Whether NCO fails to list the garnishment exemptions available to consumers regarding their bank accounts.
   c. Whether Capital One Bank designed the collection form (Exhibit A).
   d. Whether the letter violates the FDCPA.

31. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

33. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

  a. Statutory damages;

  b. Attorney's fees, litigation expenses and costs of suit;

  c. Such other or further relief as the Court deems proper.

KLEINMAN LLC

_/s/ Abraham Kleinman_
Abraham Kleinman (AK-6300)
626 RXR Plaza
Uniondale, New York  11556-0626
Telephone (516) 522-2621
Facsimile  (888) 522-1692
E-Mail:    akleinman@kleinmanllc.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_/s/ Abraham Kleinman_
Abraham Kleinman (AK-6300)

**EXHIBIT A**

Trans Union LLC

4740 Baxter Road
Virginia Beach VA 23462

Calls to or from this company may be monitored or recorded for quality assurance.

1-866-230-8652
OFFICE HOURS(ET):
8AM-11PM MONDAY-THURSDAY
8AM-9PM FRIDAY
8AM-6PM SATURDAY
10AM-9PM SUNDAY
Jul 31, 2011

552760
MARINA KRAVCHENKO
APT 1H
10 SHORE BLVD
BROOKLYN NY 11235-4022

880-OSJ-320

CREDITOR: CAPITAL ONE BANK (USA), N.A.
ACCOUNT #: ███████████
TOTAL BALANCE: $11616.29
TOTAL AMOUNT DUE: $1798.00

The above-referenced account meets the guidelines for legal action set by CAPITAL ONE BANK (USA), N.A.. Your account has been placed with our collection agency in an attempt to collect prior to referral by the creditor to an attorney for review. Any collection activity or referral to an attorney is subject to your rights as described below, including your rights to dispute the debt or request validation.

CAPITAL ONE BANK (USA), N.A. has not yet made a decision to file a lawsuit. We would like to work with you to resolve this account. If we cannot resolve this matter and your account charges off, CAPITAL ONE BANK (USA), N.A. may refer your account to an attorney in an effort to obtain a judgment against you. If an action is commenced and a judgment is sought, you will be given notice and the opportunity to raise a legal defense. Judgments are public records and may be subject to enforcement activity as provided for under law.

Please send $1798.00 to your creditor at the address listed below. If you need to speak to a representative, contact us at 1-866-230-8652. You may also make payment by visiting http://www.capitalone.com/solutions.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

THIS COLLECTION AGENCY IS LICENSED BY THE
DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW
YORK: LICENSE#1008018
CONTACT ALEX DREW AT NCO FINANCIAL SYSTEMS, INC.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

0000000 0 ███████████ 00 0000000000000000000

| Total Balance: | $11616.29 |
|---|---|
| Total Enclosed | $ |

Please print address changes below using blue or black ink

| Street | | Apt # |
|---|---|---|
| City | State | ZIP |
| Home Phone | Alternate Phone | |

CAPITAL ONE BANK (USA), N.A.
PO Box 71083
Charlotte NC 28272-1083

552760
MARINA KRAVCHENKO
APT 1H
10 SHORE BLVD
BROOKLYN NY 11235-4022

NCOP F7
320